*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
MICHAEL ROMERO,                        :
                                       :
                     Plaintiff,        :    Civil Action No.: 13-7695 (FLW)
                                       :
        v.                             :    **OPINION**
                                       :
ABU AHSAN, *et al.*,                   :
                                       :
                     Defendants.       :
_____:

**WOLFSON**, **District Judge**:

      This matter comes before the Court on *pro se* Plaintiff Michael Romero's ("Plaintiff") appeal of Magistrate Judge Douglas E. Arpert's June 17, 2015 decision denying Plaintiff's Motions to Compel, and denying Plaintiff's Motion for the Appointment of *Pro Bono* counsel. For the reasons expressed herein, the decision of the Magistrate Judge is **AFFIRMED** in part and **REVERSED** in part as follows: the Magistrate Judge's decision regarding Plaintiff's motions to compel is affirmed, but the denial of Plaintiff's motion for *pro bono* counsel is reversed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      On December 19, 2013, Plaintiff, a prisoner housed at the New Jersey State Prison, filed a civil rights Complaint, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges an Eighth Amendment violation, and a First Amendment retaliation claim, on the basis that Defendants Abu Ahsan ("Ahsan") and Robin Gehrmann ("Gehrmann") (collectively "Defendants") allegedly prevented Plaintiff from receiving a needed reconstructive knee surgery and delayed providing a prescribed knee brace.

The facts relating to this Motion are as follows. Plaintiff alleges that, on December 28, 2011, he suffered an injury to his right leg while playing basketball in the prison yard. Compl. ¶ 7. On December 29, 2011 an orthopedist allegedly informed Plaintiff that his knee would likely need surgery, and should be immobilized; however, on January 3 and 6, 2012, Defendant Ahsan, a doctor in the prison, directed Plaintiff to walk. *Id.* ¶¶ 9–11. Plaintiff then filed a grievance against Ahsan.

On January 8, 2012, Plaintiff was brought to Saint Francis Medical Center for an MRI. *Id.* ¶ 13. On January 12, 2012, the orthopedist discussed the MRI result with Ahsan, and prescribed surgery and a hinged knee brace. *Id.* ¶ 14. The following day, a nurse informed Plaintiff that he needed surgery; Plaintiff alleges that when he asked Ahsan when the surgery would be scheduled, Ahsan said "patients that file remedy forms do not receive surgeries in my prison." *Id.* ¶ 15. Despite the orthopedist's recommendation for surgery, Plaintiff alleges that Ahsan discharged Plaintiff from the infirmary, albeit he was quickly readmitted. *Id.* ¶ 17.

On February 13, 2012, Plaintiff met with Defendant Gehrmann, an orthopedist at the University of Medicine and Dentistry of New Jersey.[1] *Id.* ¶ 18. According to Plaintiff, Gehrmann informed Plaintiff that he needed surgery, but "things were more complicated than that," and that Plaintiff would be treated in other ways. *Id.* Plaintiff also alleges that Gehrmann tried to convince Plaintiff not to complain about Ahsan. *Id.* On February 16, 2012, Plaintiff filed grievances against both Defendants. *Id.* ¶ 20.

Plaintiff began physical therapy on March 14, 2012; at follow-up visit with Gehrmann on March 27, 2012, Plaintiff alleges that Gehrmann told Plaintiff to "make the best out of physical

---

[1] The University of Medicine and Dentistry of New Jersey has been renamed; the affiliated hospital is known as University Hospital.

2

therapy because you will not be getting operated." *Id.* ¶ 21. On May 11, 2012, the physical therapist discharged Plaintiff, because he required surgery. *Id.* ¶ 22. Plaintiff was given a hinged knee brace on June 12, 2012. *Id.* ¶ 23. Although the Complaint alleges that Plaintiff had not received surgery, it appears from Plaintiff's brief that he has now had surgery on his knee. *See* Pl. Br. at 7.

The present appeal stems from a series of discovery disputes, all of which were decided by the Magistrate Judge in a single Order dated June 17, 2015. Plaintiff served Defendants with his First Set of Interrogatories and Request for the Production of Documents on June 5, 2014. On August 21, 2014, having received no response from Defendants, Plaintiff filed a Motion to Compel; in response, Defendants certified that they served their responses to the request for documents on August 15, 2014, and served their answers to the interrogatories on September 8, 2014. The Magistrate Judge therefore denied the Motion as moot. Plaintiff did not appeal this decision.

On December 4, 2014, Plaintiff filed a second Motion to Compel ("December 2014 Motion"), claiming that Defendants had improperly objected to certain interrogatories and document requests, and did not provide Plaintiff with the entire medical record. Defendants responded that they provided Plaintiff with "all relevant, non-privileged information and documents," but that some supplemental documents and answers to interrogatories were received by the Plaintiff after the filing of the Motion to Compel, due to delays in the mail as a result of incarceration. Plaintiff filed a Request for Permission to Reply, asserting that the supplemental documents supplied by Defendants were incomplete. The Magistrate Judge found that this Motion was moot as a result of the supplemental production of documents.

On December 18, 2014, Plaintiff served Defendants with a request for "all and every medical record of Plaintiff from New Jersey State Prison, University Hospital, Saint Francis

3

Medical Center and Cooper Hospital." On April 22, 2105, Plaintiff filed a third Motion to Compel ("April 2015 Motion"), asserting that Defendants did not provide him with medical records from University Hospital or Cooper Hospital. Defendants argued that they are not affiliated with either hospital, and that the records were therefore not within Defendants' "care, custody, or control." The Magistrate Judge, finding that the documents were not in Defendants custody or control, denied the motion.

On May 13, 2015, Plaintiff filed a motion seeking the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1), on the basis that Plaintiff could not present his own case due to the difficult discovery, evidence, and trial rules." In denying the Motion, the Magistrate Judge stated that Plaintiff "failed to demonstrate the 'special circumstances' that would warrant the appointment of counsel" and explained that "Plaintiff's allegations do not appear to be factually or legally complex." The Magistrate Judge further held that "if the need for counsel should arise then the Court will appoint and attorney *sua sponte*." Accordingly, the Magistrate Judge denied the motion to appoint *pro bono* counsel.

Plaintiff now appeals the denial of the December 2014 and April 2015 Motions to Compel, and the denial of the appointment of *pro bono* counsel.

## II. STANDARD OF REVIEW

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1) (A). To that end, a district court will only reverse a magistrate judge's decision on these matters if it is contrary to law or clearly erroneous. *Id.;* Fed. R. Civ. P. 72(a). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble,* 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A ruling is "contrary to law" when the magistrate judge has

4

misinterpreted or misapplied the applicable law. *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.,* 106 F. Supp. 2d 761, 764 (D.N.J.2000). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Under this standard, "a district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.,* 191 F.R.D. 59, 68 (D.N.J. 2000). A district court will not reverse a magistrate judge's finding even "in circumstances where the [reviewing] court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden,* No. 00–5765, 2002 WL 1754493 (D.N.J. July 30, 2002).

Where an appeal seeks review of a matter within the purview of the magistrate judge, such as a discovery dispute, an even more deferential standard, the "abuse of discretion standard", must be applied. *Kounelis v. Sherrer,* 529 F.Supp.2d 503, 518 (D.N.J.2008) ("[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 138 (3d Cir.2000) (discovery orders reviewed for abuse of discretion). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102, 115 (3d Cir.1976). Here, there is no dispute by the parties that the Magistrate Judge's decision is reviewed under the clearly erroneous standard.

**III. DISCUSSION**

    **A. December 2014 Motion to Compel**

Plaintiff argues that the Magistrate Judge erred in denying the December 2014 Motion to Compel as moot. Plaintiff asserts that he filed a Request for Permission to Respond, which the Magistrate Judge did not consider, in which Plaintiff asserted that he had not received "all relevant, non-privileged information." Pl. Br. at 4. With respect to this portion of the appeal, Defendants refer this Court to their previous opposition to this Motion to Compel, which asserted, in essence, that the Motion was moot. Def. Br. at 1. Defendants do not respond to Plaintiff's argument that he did not receive all relevant, non-privileged information. *Id.*

As an initial matter, I note that because this is a discovery dispute, I will apply the very deferential abuse of discretion standard. Plaintiff's argument is, in essence, that his Motion to Compel should have been decided on the merits, based on the reasons raised in his Request for Permission to Reply, which the Magistrate Judge did not consider. I disagree. The December 2014 Motion made numerous arguments regarding Defendants' alleged failure to comply with Plaintiff's discovery requests, such as: assertions that Defendants' objections based on, *inter alia*, documents protected by attorney-client privilege and lack of possession were cursory or otherwise inadequate. However, subsequent to that Motion, Defendants turned over additional documents, responsive to Plaintiffs' requests. This is the very reason that the Magistrate Judge determined that the Motion was moot. Nevertheless, Plaintiff's Reply, which was filed after Plaintiff received the supplemental documents and responses, raised new arguments, namely that the supplemental production contained only parts of certain documents, and that the production otherwise did not fully respond to Plaintiffs' request. To the extent that Plaintiff believes that there are additional documents to which Plaintiff is entitled, he may move before the Magistrate Judge. These requests

should not have been raised in a reply, but rather in a new motion. *See Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief.").

In sum, although the Magistrate Judge did not address the issues raised by Plaintiff's Request for Permission to Reply, I find that he was not required to do so, as the arguments made in that Reply were not part of the original Motion. Accordingly, the Magistrate Judge correctly determined that the issues raised by Plaintiff's original Motion to Compel were mooted by Defendants' production of documents. This decision is affirmed. Plaintiff is, of course, free to file a new Motion to address the any outstanding discovery dispute he may have.

### B. April 2015 Motion to Compel

Plaintiff next argues that the Magistrate Judge erred in denying Plaintiff's April 2015 Motion to Compel. In that Motion, Plaintiff asserted that Defendants failed to provide Plaintiff's medical records from University Hospital and Cooper Hospital; Defendants contended that the documents were not in their care, custody, or control. Plaintiff argues that he was "treated at University Hospital by defendant Gehrmann who has an office there," and therefore Defendant Gehrmann "is in possession and control of plaintiff's medical records from University Hospital and can obtain them as he pleases." Pl. Br. at 6. Plaintiff further asserts that each time a prisoner is treated at an outside medical facility, such records are provided to the Medical Department of the prison by fax or email; accordingly, Plaintiff argues that Defendant Ahsan can obtain the records in his position as Director of Medical Services at the New Jersey State Prison. *Id.* at 6–7. Plaintiff further asserts that Defendant Ahsan "has a duty to maintain a complete medical record containing every single medical treatment provided to Plaintiff even if the treatment was provided by a separate entity." Pl. Repl. at 1–2. Plaintiff therefore argues that, even if the documents are not presently in his custody, Defendant Ahsan "should be ordered to request and obtain all and every

7

document from Cooper and University Hospitals concerning Plaintiff's treatment" and to provide such documents to Plaintiff. *Id.* at 2.

Defendants argue that these records are outside of their care, custody, or control. Defendants assert, and have filed certifications stating, that neither Ahsan nor Gehrmann presently work at any of the hospitals, nor do they have direct access to the records. Gehrmann certifies that he no longer works at University Hospital. Ahsan certifies that, although he is employed by Rutgers, the State University of New Jersey, the hospitals are separate entities from Rutgers, and that he does not have access to these records. Ahsan further asserts that to the best of his knowledge, "all records in our possession from University Hospital, Saint Frances [sic] Medical Center or Cooper Hospital have been produced."

Under Fed. R. Civ. P. 34(a), a party may serve a request that another party produce items "in the responding party's possession, custody, or control." A party is considered to have "control" over documents if "the party has the legal right or ability to obtain the documents from another source upon demand." *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). The "party seeking production of documents bears the burden of establishing the opposing party's control over those documents." *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991)

I agree with the Magistrate Judge that Plaintiff has not met his burden of establishing that either of Defendants have control over the documents requested. First, as Gehrmann no longer works at University Hospital, he does not have legal access to Plaintiff's treating records. Second, Plaintiff also has not shown that Ahsan has legal access to the medical records. Indeed, Ahsan has certified that all records in his possession or control have been sent to Plaintiff. While Plaintiff

surmises that the prison receives copies of <u>all</u> medical records from outside facilities that treat prisoners, he has not identified any policy or law that requires the prison to obtain these records.

Furthermore, while Plaintiff asserts that Ahsan has the duty and power to obtain all of Plaintiff's medical records from the hospitals, the authority Plaintiff cites gives Ahsan neither this duty nor power. While N.J.A.C. 10A:16-2.18 provides that "[a] complete medical record shall be maintained for each inmate to accurately document all health care services provided throughout the inmate's period of incarceration," with respect to treatment from outside facilities, this regulation only requires the record to contain "[d]ischarge summary of hospitalizations and other terminations summaries," not full medical records. *Id.* Thus, there is no controlling authority that Ahsan has control over the requested medical records from the hospitals. I note that there is nothing preventing Plaintiff from seeking his records directly from the hospitals.

Accordingly, the Magistrate Judge acted within his discretion in denying the April 2015 Motion to Compel, and I affirm.

### C. Pro Bono Counsel

Finally, Plaintiff argues that the Magistrate Judge erred in declining to appoint *pro bono* counsel. Where "an unrepresented [p]laintiff in a civil suit is indigent, and where good cause exists for the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1), the District Court has the discretion and authority to appoint pro bono counsel...." *Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007); *see also Brandt v. Hogan*, Civil No. 10–4944(FLW), 2013 WL 1702181, *11 (D.N.J. Apr. 18, 2013). The District Court should exercise this discretion when the interests of justice require the appointment of counsel to assist Plaintiff in the prosecution of his or her case, which may occur at any point during the proceeding. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d

9

Cir.1993) ("[W]e emphasize that appointment of counsel under § 1915(d) may be made at any point in the litigation....").

When examining an application for appointment of counsel, a court must consider the following factors set forth by the Third Circuit in *Tabron v. Grace*:

> (1) the claim has some merit;
> (2) the *pro se* party lacks the ability to present an effective case without an attorney;
> (3) the legal issues are complex or, the ultimate legal issues are not complex, but the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (5) the case is likely to turn on credibility determinations;
> (6) the case will require expert testimony; and
> (7) the party is unable to attain and afford counsel on his/her own behalf.

*Brandt*, 2013 WL 1702181 at *12; *see Tabron*, 6 F.3d at 156, *Lamas v. Gonzales*, Civil No. 07–3351(DMC), 2007 WL 4166009, *1 (D.N.J. Nov.16, 2007) (citing *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997)). A *pro se* litigant need not meet each of the *Tabron* factors for the Court to appoint counsel.

Here, Plaintiff argues that, because he is a *pro se* litigant, Defendants "are intentionally frustrating the discovery process, and violating discovery rules." Pl. Br. at 8. Plaintiff asserts that Defendants are ignoring his letters and that they have sought to take depositions without his presence. *Id.* at 8–9. Plaintiff also argues that he "meets all additional requirements for appointment of counsel," and refers the Court to his original Motion for Appointment of Counsel. Defendants do not respond to Plaintiff's assertions in their brief.

The Magistrate Judge assumed for the purpose of the application that Plaintiff satisfied the threshold requirement of presenting a meritorious claim, but found that Plaintiff did not

demonstrate the necessary circumstances for the appointment of counsel. I disagree while the case may not be factually complex, it does require factual development, including collection of medical records from third parties and probable expert witnesses. That Plaintiff has competently responded to the legal challenges raised in the discovery process is not dispositive. Indeed, "the ability to file and respond to motions" does not "conclusively establish that [a Plaintiff] was able to present his own case." *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002).

Moreover, I find that the nature of Plaintiff's case necessitates the appointment of pro bono counsel. Specifically, because Plaintiff's cause of action is based on the allegedly inadequate medical care he received, Plaintiff is certain to require an expert opinion. The Third Circuit has stated that the need for an expert "weighs heavily in favor of appointment of counsel." *Parham v. Johnson*, 126 F.3d 454, 460 (1997). Further, "[i]n matters where Plaintiff is likely to need an expert witness in medical malpractice claims, Courts have routinely appointed *pro bono* counsel." *Farmer v. Lanigan*, No. 2:12-CV-5716 (SDW)(SCM), 2015 WL 3448081, at *3 (D.N.J. May 28, 2015) (listing cases). Moreover, the amount of factual investigation is likely beyond Plaintiff's capacity. Plaintiff will need to obtain subpoenas for his hospital records. Further, although the Magistrate Judge has made accommodations for Plaintiff's incarceration in orders regarding depositions, *see* Dkt. No. 43, it may not be possible for all depositions to be conducted in this fashion. I also note that Plaintiff is indigent, and the case will likely turn on credibility determinations, both are factors which favor the appointment of counsel.

Because the *Tabron* factors favor the appointment of counsel, I find that the Magistrate Judge's decision warrants reversal; I order the appointment of *pro bono* counsel for Plaintiff.

**CONCLUSIONS**

For the reasons expressed herein, the decisions of the Magistrate Judge are **AFFIRMED** in part and **REVERSED** in part. An appropriate Order shall follow.

Date:  September 16, 2015

/s/            Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.